# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Brett Ruhlman,
    Petitioner

vs.                                    Case No. 1:08cv163
                                         (Beckwith, C.J.; Hogan, M.J.)

Warden, Lebanon Correctional
Institution,
    Respondent

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the assistance of counsel from the Ohio Public Defender's Office. This matter is before the Court on the petition (Doc. 1), respondent's "Answer/Return Of Writ" with exhibits (Doc. 7), and petitioner's "traverse" in reply to the return of writ (Doc. 11).

### Procedural Background

On April 28, 2004, the Butler County, Ohio, grand jury returned an indictment charging petitioner with one count of rape in violation of Ohio Rev. Code § 2907.02(A)(1)(b). (Doc. 7, Ex. 1). Following a trial before a jury, petitioner was found guilty of the lesser-included offense of attempted rape. (*See id.,* Ex. 5).

Prior to sentencing, petitioner filed a motion for new trial. (*Id.,* Ex. 2). On May 17, 2005, the trial court overruled the motion for new trial, found petitioner to be a sexual predator, and sentenced petitioner to an eight-year prison term. (*Id.,* Exs. 4, 5).

With the assistance of counsel, petitioner timely appealed to the Ohio Court of Appeals, Twelfth Appellate District. He asserted six assignments of error, including two claims challenging his sentence. (*See id.,* Ex. 6). On May 1, 2006, the Ohio

Court of Appeals affirmed petitioner's "conviction for attempted rape, affirm[ed] the trial court's denial of [the] motion for a new trial, and affirm[ed] the trial court's determination that [petitioner] was a sexual predator." (*Id.,* Ex. 8, p. 16). However, the court sustained one of the assignments of error challenging the maximum sentence that was imposed in light of the Ohio Supreme Court's decision in *State v. Foster,* 845 N.E.2d 470 (Ohio 2006); the court reversed petitioner's sentence and remanded the matter for re-sentencing "consistent with *Foster.*" (*See id.,* pp. 14-16).

It appears from the record that a re-sentencing hearing was held on May 25, 2006 pursuant to the state appellate court's remand order. (*See id.,* Ex. 9). On June 1, 2006, petitioner was re-sentenced to the same eight-year prison term. (*Id.*).

With the assistance of new counsel from the Ohio Public Defender's Office, petitioner timely appealed to the Ohio Court of Appeals, Twelfth Appellate District, raising the following claim as the sole assignment of error:

> The trial court erred when it sentenced Mr. Ruhlman to serve a maximum, eight-year prison term, as that prison term contravened the Sixth Amendment to the United States Constitution. *Blakely v. Washington* (2004), 542 U.S. 296 ...; *United States v. Booker* (2005), 543 U.S. 220....
>
> **Issue(s) Presented for Review and Argument**
>
>> Did the trial court err when it imposed a maximum prison term for an offense that occurred before February 27, 2006?
>>
>> Does the Ohio Supreme Court's remedy in *Foster* violate the Due Process and Ex Post Facto Clauses of the state and federal constitutions?

(*Id.,* Ex. 10).

On February 20, 2007, the Ohio Court of Appeals overruled the assignment of error and affirmed the trial court's judgment. (*Id.,* Ex. 13).

Petitioner's counsel filed a timely appeal on petitioner's behalf to the Ohio Supreme Court, claiming as the sole proposition of law that "[t]he remedy that this Court set forth in ... *Foster* ... violates the Ex Post Facto and Due Process Clauses of

2

the United States Constitution." (*Id.,* Ex. 14). On June 20, 2007, the Ohio Supreme Court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 16).

Counsel from the Ohio Public Defender's Office next filed the instant federal habeas corpus petition on petitioner's behalf on March 10, 2008. (*See* Doc. 1). Petitioner alleges the following claim as the sole ground for relief:

> Petitioner's protection against the application of ex post facto law and his right to due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, were violated when the trial court retroactively applied the decision in ... *Foster* ... to Petitioner's case.

(*Id.,* p. 5).

In the return of writ, respondent concedes that the petition does not trigger any statute of limitations, exhaustion or waiver concerns. (Doc. 7, Brief, pp. 6, 8). Respondent argues that the petition should be denied because petitioner's claim lacks merit. (*Id.,*, pp. 10-17).

## OPINION

### Petitioner's Re-Sentencing Pursuant To *Foster* Did Not Violate The Constitution's Ex Post Facto And Due Process Clauses

In the petition, petitioner essentially claims that although the Ohio Court of Appeals correctly determined on petitioner's initial appeal that a *Blakely* violation occurred when petitioner was sentenced in May 2005 to the maximum term of imprisonment for the attempted rape offense, petitioner's rights under the Constitution's Ex Post Facto and Due Process Clauses were violated when, as ordered by the Ohio Court of Appeals, the trial court applied on remand the remedy adopted by the Ohio Supreme Court in *Foster* to cure the constitutional infirmity and re-sentenced petitioner to the same maximum eight-year prison term. (Doc. 1, p. 5; *see also* Doc. 11).

In this case, petitioner was first sentenced in May 2005 after *Blakely* and

*Booker* were decided,[1] but prior to *Foster*.

At that time, Ohio law provided that a second degree felony, like attempted rape, carried a prison term of two to eight years. Ohio Rev. Code § 2929.14(A)(2). Under Ohio's sentencing statute then in effect, the court was required to impose "the shortest term authorized for the offense," unless: (1) "[t]he offender was serving a prison term at the time of the offense, or the offender previously had served a prison term[;]" or (2) "[t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Ohio Rev. Code § 2929.14(B). Moreover, the maximum prison term could be imposed "only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders ..., and upon certain repeat violent offenders." Ohio Rev. Code § 2929.14(C).

Petitioner's appeal was pending before the Ohio Court of Appeals when *Foster* was decided on February 27, 2006. In *Foster*, the state supreme court ruled that, despite the fact that "[m]ost Ohio appellate courts have determined that *Blakely* is inapplicable" to Ohio's sentencing statutes, portions of the statutes had been "eviserated by *Blakely*." *Foster*, 845 N.E.2d at 487-88. The *Foster* court found that "Ohio's sentencing statutes offend the constitutional principles announced in *Blakely* in four areas" mandating additional judicial fact-finding before the imposition of (1) more than the minimum term for those who have never served a prison term; (2) the

---

[1] In *Blakely*, the Supreme Court reversed the defendant's sentence after finding that the trial judge had improperly enhanced the sentence beyond the statutory maximum based upon facts neither admitted to by the defendant nor found by the jury. *Blakely*, 542 U.S. at 303. The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* Importantly, the *Blakely* Court clarified that "the 'statutory maximum' . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.*

In *Booker*, the Supreme Court extended the reasoning of *Blakely* to the federal sentencing guidelines; the Court held that the Sixth Amendment as construed in *Blakely* applied to the guidelines and thus any fact (other than a prior conviction) that increases a federal criminal defendant's sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt. *See Booker*, 543 U.S. at 244.

4

maximum prison term; (3) consecutive prison terms; and (4) repeat-violent-offender and major-drug-offender penalty enhancements. *See id.* at 490-94.

Turning next to the question of what the appropriate remedy should be to bring about compliance with *Blakely*, the *Foster* court adopted the approach taken in *Booker* of severing from Ohio's sentencing statute the *Blakely*-offending portions of that statute and granting trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *See id.* at 494-98. Because the Ohio Supreme Court held in *Foster* that its decision extended to cases then pending in the Ohio courts on direct review, *see id.* at 499, the Ohio Court of Appeals applied the *Foster* decision in the instant case both in remanding the matter for re-sentencing and in upholding the application of the *Booker* severance remedy, which allowed the trial court on re-sentencing full discretion to impose a sentence within the range established by state statute.

In challenging the re-sentencing decision in the instant case, petitioner contends that he is entitled to receive a presumptive minimum sentence based on the law in effect at the time of the charged offense and his initial sentencing. (Doc. 11, p. 3). In so contending, he essentially asks the Court to apply *Foster* in holding that the maximum sentence imposed by the court amounted to a violation of *Blakely* and *Booker,* while at the same time arguing against *Foster*'s application to the extent the state supreme court adopted the severance remedy utilized in *Booker*. As one Ohio appellate court pointed out in rejecting the same argument raised in an analogous case, petitioner "essentially seeks the benefit of a state of law that never existed; he wants 'a sentence that comports with the Sixth Amendment requirements of *Booker* [and *Foster*], but wants to avoid the possibility of a higher sentence under the remedial holdings of *Booker* [and *Foster*].'" *State v. Paynter,* No. CT2006-0034, 2006 WL 3020319, at *5 (Ohio Ct. App. 5 Dist. Oct. 13, 2006) (unpublished) (quoting *United States v. Jamison,* 416 F.3d 538, 539 (7th Cir. 2005) (which joined other circuits in rejecting "an *ex post facto* claim based on the remedial holding in *Booker*" that was brought by a defendant challenging his federal sentence)).

The claim raised herein already has been thoroughly discussed and rejected by this Court and other federal district and state courts in Ohio. *See, e.g., Hooks v. Sheets,* No. 1:07cv520, 2008 WL 4533693, at *3-5, *13-19 (S.D. Ohio Oct. 3, 2008) (Beckwith, C.J.; Hogan, M.J.) (unpublished) (and cases cited therein); *see also Wright v. Warden, Pickaway Corr. Inst.,* _ F.Supp.2d _, No. 1:07cv1022, 2009 WL 1850170,

5

at *1, *23-25 (S.D. Ohio June 25, 2009) (Barrett, J.; Hogan, M.J.) (to be published) (and cases cited and quoted therein); *Kelley v. Brunsman,* ___ F.Supp.2d ___, No. 1:08cv71, 2009 WL 1617774, at *5-6, *17-18 (S.D. Ohio June 9, 2009) (Spiegel, S.J.; Hogan, M.J.) (to be published); *Smith v. Brunsman,* ___ F.Supp.2d ___, No. 1:07cv878, 2009 WL 530113, at *1, *4-8 (S.D. Ohio Feb. 27, 2009) (Barrett, J.; Black, M.J.) (to be published) (noting that "both the federal district courts and Ohio courts have rejected *ex post facto* challenges to the *Foster* decision"); *Rettig v. Jefferys,* 557 F.Supp.2d 830, 841 (N.D. Ohio 2008) (Polster, J.; McHargh, M.J.) (citing Ohio cases "uniformly reject[ing] *ex post facto* challenges to the *Foster* decision"); *Smith v. Welch,* No. 3:08cv2917, 2009 WL 2167863, at *1-3, *13-16 (N.D. Ohio July 17, 2009) (Economus, J.; Vecchiarelli, M.J.) (unpublished); *Mason v. Brunsman,* No. 1:07cv1020, 2009 WL 2169035, at *8-9, *34-37 (S.D. Ohio July 16, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished); *Clagg v. Wolfe,* No. 2:08cv144, 2009 WL 1424427, at *1-6 (S.D. Ohio May 20, 2009) (Sargus, J.) (unpublished); *Pena v. Cooper,* No. 2:08cv195, 2009 WL 1324046, at *1, *16-19 (S.D. Ohio May 12, 2009) (Smith, J.; Abel, M.J.) (unpublished); *Newman v. Wilson,* No. 5:08cv483, 2009 WL 1212262, at *1, *11-12 (N.D. Ohio Apr. 30, 2009) (Oliver, J.; Perelman, M.J.) (unpublished) (and cases cited therein); *Trewartha v. Brunsman,* No. 2:07cv981, 2009 WL 614963, at *1, *10-13 (S.D. Ohio Mar. 5, 2009) (Holschuh, J.; Abel, M.J.) (unpublished); *Haning v. Wolfe,* No. 2:07cv1093, 2009 WL 541156, at *1, *3-5 (S.D. Ohio Feb. 27, 2009) (Watson, J.; Abel, M.J.) (unpublished) (and cases cited therein).[2]

The same reasoning contained in these decisions uniformly rejecting *ex post facto* challenges to *Foster* applies to the case-at-hand. *Foster* did not change the elements of the attempted rape offense that petitioner was convicted of committing, and petitioner faced the same penalty of a prison sentence in the range of two to eight years both before *Foster* (when he committed the charged offense and was initially sentenced) and after *Foster*. *Cf. McGhee v. Konteh,* No. 1:07cv1408, 2008 WL 320763, at *11 (N.D. Ohio Feb. 1, 2008) (unpublished).

---

[2]*Cf. Turner v. Warden, Noble Corr. Inst.,* No. 1:08cv309, 2009 WL 866841, at *2, *9 (S.D. Ohio Mar. 31, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished) (although the court held that *Foster* did not apply to the petitioner's sentence, it noted that "both the federal courts and Ohio courts have rejected *ex post facto* challenges to the *Foster* decision"); *Collins v. Warden, Chillicothe Corr. Inst.,* No. 3:06cv256, 2008 WL 728390, at *1, *8-9 (S.D. Ohio Mar. 17, 2008) (Rice, J.; Merz, M.J.) (unpublished) (holding that "[w]hile Petitioner's original sentence violated *Blakely,* his new sentence [under the *Booker* remedy adopted in *Foster*] did not," and that "[n]othing in the United States Constitution calls such a sentence into question")

Contrary to petitioner's contentions in his "traverse" brief (*see* Doc. 11, pp. 6-10), neither *Miller v. Florida,* 482 U.S. 423 (1987), nor *Cunningham v. California,* 549 U.S. 270 (2007), require a different result. As this Court expressly held in *Hooks, supra,* 2008 WL 4533693, at *5, the rationale in *Cunningham* for determining the maximum sentence in a *determinate* sentencing scheme "does not apply to the Ohio Supreme Court's *Blakely* remedy adopted in *Foster.*"

*Miller* also is inapposite, because that case involved revisions in the state's sentencing guidelines that increased the defendant's presumptive sentence range. *See Miller,* 482 U.S. at 427, 432-33. In contrast, *Foster* did not effect any change in the penalty that petitioner faced. As the district court recently reasoned in an analogous case where the petitioner similarly argued that only the minimum sentence could be imposed based on the pre-*Foster* law in effect when he committed the charged offense:

> The Supreme Court has never held ... that the retroactive application of a court's statutory construction which results in the loss of a presumption of a minimum sentence is either violative of the *Ex Post Facto* Clause or due process. In the instant matter, such was the effect of *Blakely* and *Foster* upon O.R.C. § 2929.14. The plain fact is that the holdings of those cases did not alter the elements necessary to convict Petitioner, nor the potential penalties Petitioner faced for his conduct. *Blakely* and *Foster* simply altered the procedure by which a sentencing court determined the appropriate sentence. Thus, Petitioner's assertion that "it is the date of the defendant's *alleged conduct* that dictates the sentencing law that applies to a defendant," is inapposite.... That principle applies only where a change in the law that determines the potential penalties for a crime imposes a more onerous penalty at the time of sentencing than it would have at the time the crime was committed. *See Miller v. Florida,* 482 U.S. 423, 430-32 ... (1987); *see also Dobbert v. Florida,* 432 U.S. 282, 293-294 ... (1977) (finding no *ex post facto* violation where the "new statute simply altered the methods employed in determining whether the death penalty was to be imposed; there was no change in the quantum of punishment attached to the crime.").
>
> ....Neither *Blakely* nor *Foster* had any effect on the range of penalties for each of [the charged] crimes, and Petitioner had fair warning as to the punishment that might result from his conduct.... [W]hen Petitioner was

7

sentenced, he faced exactly the same potential penalties....

*Smith v. Welch, supra,* 2009 WL 2167863, at *2-3 (emphasis in original).

Accordingly, in sum, the undersigned concludes in accordance with all the other courts that had addressed the issue at hand, that petitioner's rights under the Constitution's Ex Post Facto and Due Process Clauses were not violated when the trial court applied the remedy adopted by the Ohio Supreme Court in *Foster* in re-sentencing petitioner to the same eight-year maximum sentence that he had received when initially sentenced in May 2005. Petitioner, therefore, is not entitled to habeas relief in this case.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue in this case, because petitioner has not made a substantial showing that he has stated a "viable claim of the denial of a constitutional right" or that the issues presented herein are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *cf. Smith v. Welch, supra,* 2009 WL 2167863, at *4.

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis* at the close of this case, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon any showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 7/30/09
cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2009 habeas orders\08-163denypet.blakely-fosterseverance.expostfacto.wpd

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Brett Ruhlman,
   Petitioner

vs                                     Case No. 1:08cv163
                                         (Beckwith, C.J.; Hogan, M.J.)

Warden, Lebanon Correctional
Institution,
   Respondent

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **fifteen (15) days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).