IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brett Ruhlman,                )
                              )
            Petitioner,       ) Case No. 1:08-CV-163
                              )
    vs.                       )
                              )
Warden, Lebanon Correctional  )
Institution,                  )
                              )
            Respondent.       )


O R D E R

This matter is before the Court on Magistrate Judge Hogan's Report and Recommendation of July 31, 2009 (Doc. No. 12) and Petitioner Brett Ruhlman's objections to the Report and Recommendation (Doc. No. 13). For the reasons that follow, Petitioner's objections to the Report and Recommendation are not well-taken and are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation. Petitioner's petition is not well-taken and is **DENIED.**

Petitioner alleges that the state court's retroactive application of the severance remedy in State v. Foster, 845 N.E.2d 470 (Ohio 2006) to impose an eight year sentence for attempted rape violated the Ex Post Facto Clause and the Due Process Clause of the U.S. Constitution. In his Report and Recommendation, Judge Hogan conducted a thorough survey of the many district court opinions which have determined that

retroactive application of Foster to cases pending on appeal when it was issued does not result in an ex post facto or due process violation.  Therefore, Judge Hogan recommended that Petitioner's petition be denied and the case closed on the docket of the Court.  Petitioner filed timely objections to the Report and Recommendation.

This Court has already determined that retroactive application of Foster does not violate the Ex Post Facto Clause or the Due Process Clause.  Hooks v. Sheets, No. 1:07-cv-520, 2008 WL 4533693 (S.D. Ohio Oct. 3, 2008) (Beckwith, C.J.).  The Court sees no value in reiterating that analysis again here.  Petitioner's objections are overruled and his petition for a writ of habeas corpus is denied for the reasons stated by the Court in Hooks.

It is hereby **ORDERED** that:

1. The claim raised in Petitioner's habeas petition is **DISMISSED WITH PREJUDICE** and that this case is closed upon the docket of the Court.

2. A certificate of appealability will issue with respect to the claim alleged as the sole ground for relief in the instant habeas action, because the issues presented therein are "adequate to deserve encouragement to proceed further." See Barefoot v. Estelle, 463 U.S. 880, 893 & n. 4 (1983); see also 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal in forma pauperis at the close of this case, the Court will certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith," and therefore **GRANTS** petitioner leave to appeal in forma pauperis upon a showing of financial necessity. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

    **IT IS SO ORDERED**

Date November 2, 2009            s/Sandra S. Beckwith
                                      Sandra S. Beckwith
                            Senior United States District Judge